# United States Tax Court

T.C. Memo. 2026-61

CHARMAINE A. GRAY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 11390-25.                                  Filed July 27, 2026.

————

Charmaine A. Gray, pro se.

*Lauren E. Stanich* and *Khanh H. Tran*, for respondent.

## MEMORANDUM OPINION

ARBEIT, *Judge*: On her 2022 federal income tax return, petitioner reported wages of $65,085 but did not report any of her Social Security benefits. She does not dispute that she received those benefits. Rather she contends, among other things, that those benefits are not taxable income. Because Social Security benefits are taxable in part when a taxpayer's modified adjusted gross income (AGI) (including one-half of the benefits) exceeds certain thresholds, we will enter a decision for respondent.

### *Background*

When she filed the Petition, petitioner resided in Iowa. Absent stipulation to the contrary, appeal of this case would lie to the U.S. Court of Appeals for the Eighth Circuit. *See* § 7482(b)(1)(A), (2).[1] By motion

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to

[*2] filed pursuant to Rule 122, this case was submitted fully stipulated for decision without trial.

In 2022 petitioner received $65,085 of wages from Stine Seed Co., reported on Form W–2, Wage and Tax Statement, and $26,268 of Social Security benefits (SS benefits) from the Social Security Administration, reported on Form SSA–1099, Social Security Benefit Statement. On her 2022 Form 1040–SR, U.S. Tax Return for Seniors (return), she reported the former but not the latter. After claiming the standard deduction and reporting no adjustments to her AGI, petitioner reported $50,385 of taxable income on her return.

On June 23, 2025, the Internal Revenue Service issued to petitioner a Notice of Deficiency, stating that, while she did not report any of her SS benefits, she should have reported $22,328 as taxable income. Accordingly for 2022 respondent determined a deficiency of $4,917. In response she filed the Petition, arguing, among other things, that her SS benefits are not taxable.[2]

On May 11, 2026, at a hearing in Des Moines, Iowa, the parties presented their legal arguments to the Court. Respondent made an oral Motion to Submit the Case under Rule 122, to which petitioner did not object. The Court then granted the Motion.

*Discussion*

I. *Unreported Income*

In general, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In the case of unreported income, however, the Commissioner must first come forward with minimal evidence connecting the taxpayer with income-producing activity or showing actual receipt of unreported income. *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019); *see also Day v. Commissioner*, 975 F.2d 534, 537 (8th Cir.

---

the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2] Petitioner acknowledges that she received SS benefits of $22,328 but asserts that this amount is below $25,000, which she describes as a threshold established in 1983. She further asserts that, because she paid Social Security taxes in 2022 on her wages through payroll contributions, the taxation of her benefits in 2022 constitutes "double taxation."

**[\*3]** 1992) (explaining that the Commissioner must first put forth some evidence of unreported income before the presumption of correctness applies), *aff'g in part, rev'g in part on other grounds, and remanding* T.C. Memo. 1991-140. Once the Commissioner meets this burden of production, the burden is on the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous. *See Walquist*, 152 T.C. at 67–68. Submission of a case under Rule 122 does not alter the burden of proof. Rule 122(b).

Where, as here, the taxpayer has stipulated receiving the unreported income, the Commissioner has necessarily met his burden. *See El v. Commissioner*, 144 T.C. 140, 143 (2015).

II.  *Social Security Benefits*

Gross income includes all income from whatever source derived, *see* § 61(a), and specifically includes SS benefits, *see* § 86(a)(1). Section 86 governs the extent to which such SS benefits are includible in gross income.[3] For purposes of section 86, SS benefits include any amount received by the taxpayer by reason of entitlement to a monthly benefit under title II of the Social Security Act. § 86(d)(1). The amount of SS benefits considered for inclusion as taxable income is reduced by any repayments made by the taxpayer during the taxable year, regardless of when the SS benefits were originally received. § 86(d)(2).

Section 86 provides that a taxpayer must include in gross income part of the SS benefits received during the taxable year if the sum of the taxpayer's modified AGI, as defined in section 86(b)(2), and one-half of the SS benefits exceeds the statutory base amount applicable to the taxpayer's filing status for the year (i.e., $32,000 for married taxpayers filing jointly, and $25,000 for all other individuals, except married taxpayers filing separately). *See* § 86(a), (b)(1), (c)(1). The taxable amount is limited to 85 percent of the SS benefits, with the exact amount determined using the taxpayer's modified AGI and the corresponding base amount and adjusted base amount applicable to the taxpayer's filing status (i.e., $44,000 for joint returns and $34,000 for all others, except married taxpayers filing separately). *See* § 86(a)–(c).

Our caselaw in this area is clear, and this Opinion could end there. *See, e.g.*, *Jelle v. Commissioner*, 116 T.C. 63, 70–71 (2001) (holding

---

[3] Section 86 was added to the Code by the Social Security Amendments of 1983, Pub. L. No. 98-21, § 121(a), (g), 97 Stat. 65, 80, 84, and applies to SS benefits received for taxable years ending after December 31, 1983.

[*4] that, where taxpayers' modified AGI exceeded adjusted base amount, section 86 required inclusion of the lesser of 85 percent of SS benefits or amount determined under section 86); *Cotroneo v. Commissioner*, T.C. Memo. 2024-70, at *11–12 (same); *Lin v. Commissioner*, T.C. Memo. 2023-37, at *7–8 (same); *Holland v. Commissioner*, T.C. Memo. 2021-129, at *6–7 (rejecting tax protester's arguments as irrelevant where statute clearly taxes SS benefits), *aff'd*, No. 22-1007, 2022 WL 1619849 (4th Cir. May 23, 2022); *Kelley v. Commissioner*, T.C. Memo. 2021-2, at *10 ("We do not have authority to disregard the express provisions of a statute enacted by Congress even where the result in a particular case may seem harsh.").[4]

For completeness, however, we will explain how the taxable amount of petitioner's SS benefits is computed under the statutory framework.[5] Section 86 requires the inclusion in gross income of the lesser of (1) one-half of the SS benefits received during the taxable year or (2) one-half of the excess described in subsection (b)(1). Petitioner received $26,268 in SS benefits in 2022. Petitioner does not allege that any part of the SS benefits was repaid or otherwise reduced during the taxable year. *See* § 86(d)(2). Accordingly, the full amount of $26,268 is used in determining the taxable amount.

In petitioner's case the applicable base amount and adjusted base amount are $25,000 and $34,000, respectively—the statutory amounts corresponding to her filing status. § 86(c)(1)(A), (2)(A). Petitioner's modified AGI is $65,085 (as the record does not show that any adjustment to her AGI is required under section 86(b)(2)). The amount

---

[4] Petitioner's argument that the taxation of SS benefits constitutes "double taxation" because she previously paid Social Security taxes on her wages is unavailing. Congress expressly provided in section 86 that SS benefits may be subject to income tax when a taxpayer's income exceeds certain thresholds. Moreover, petitioner's assertion that taxing SS benefits is unconstitutional has long been rejected by numerous courts. *See, e.g.*, *McAdams v. Commissioner*, 118 T.C. 373, 379 (2002) ("We have repeatedly held that section 86 does not suffer any constitutional infirmities."); *Clark v. Commissioner*, T.C. Memo. 1998-280, slip op. at 5, *aff'd*, 187 F.3d 641 (8th Cir. 1999) (unpublished table decision); *Roberts v. Commissioner*, T.C. Memo. 1998-172, slip op. at 6, *aff'd*, 182 F.3d 927 (9th Cir. 1999) (unpublished table decision); *see also Kelley*, T.C. Memo. 2021-2, at *8–10 (rejecting constitutional challenge to section 86(c) and concluding that Congress had a rational basis for filing status distinction, even if the resulting tax treatment may appear inequitable).

[5] Petitioner's reliance on the $25,000 threshold is misplaced. Section 86 does not provide a simple exclusion for SS benefits below $25,000. Moreover, while the taxable amount of SS benefits here ($22,328) is less than $25,000, the total amount of SS benefits ($26,268) is more.

**[\*5]** determined under section 86(a)(1) equals $13,134, that is, one-half of petitioner's SS benefits. When her modified AGI is combined with one-half of those benefits, the amount described in section 86(b)(1)(A) totals $78,219, as shown below. Because $78,219 exceeds the adjusted base amount of $34,000, petitioner is subject to the rules in section 86(a)(2).

$$65,085 + \frac{26,268}{2} = 65,085 + 13,134 = 78,219$$

Under section 86(a)(2), the taxable amount of petitioner's SS benefits is calculated as the lesser of:

(1) the sum of (i) 85 percent of the excess of the amount described in section 86(b)(1)(A) over the adjusted base amount, plus (ii) the lesser of (1) the amount determined under section 86(a)(1), or (2) one-half of the difference between the adjusted base amount and the base amount (as illustrated below),

$$(85\% \times (78,219 - 34,000)) + (min\ \frac{26,268}{2}, OR\ \frac{(34,000 - 25,000)}{2})$$

$$(85\% \times 44,219) + (min\ 13,134, OR\ 4,500)$$

$$37,586 + 4,500 = 42,086$$

or

(2) 85 percent of the benefits received during the taxable year.

$$26,268 \times 85\% = 22,328$$

*See* § 86(a)(2), (b)(1).

Applying these provisions, the lesser of the two calculations shown above is $22,328; accordingly, that is the amount includible in petitioner's gross income. That amount corresponds to 85 percent of her SS benefits and is consistent with respondent's determination, as reflected in the Notice of Deficiency.

III.   *Conclusion*

Because the law and the agreed facts support a ruling for respondent, we will sustain the deficiency.

To reflect the foregoing,

*Decision will be entered for respondent.*